## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**FILED**

JUN 1 8 2008    NF

Jun 18, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| ANGELA BROWN<br>Plaintiff, | ) ) ) ) ) | |
| .vs | ) ) | **08CV3488**<br>**JUDGE DOW**<br>**MAGISTRATE JUDGE BROWN** |
| MACY'S RETAIL<br>HOLDINGS, Inc.<br>Defendant, | ) ) ) ) | |

### COMPLAINT AT LAW

### COUNT 1

**NOW COMES** the Plaintiff, Angela Brown is and at all times mentioned herein a female residing in the County of Will, State of Illinois, complaining of the Defendant, Macy's Retails Holdings, Inc. a Ohio Corporation, alleges as follows;

1.    That on or about January 5, 2008 at approximately 3:00 p.m. and for a period of time prior thereto, Macy's Retail Holdings, Inc. a Ohio Corporation (hereinafter referred to as Macy's) did own, operate, control it's janitorial services for it's premises to a department store at 835 North Michigan Ave. Chicago, Illinois 60611.

2.    That at all times relevant herein, it was a duty of the MACY'S to possess, operate, manage, maintain and control, both directly and indirectly, individually and through its agents, servants and employees, said premises.

3.    That at the time and place prior thereto, the Defendant, MACY'S obligation to maintain its premises including keeping its floors dry and free of debris, in a manner that reasonably ensures the safety of its customers, MACY'S well knowing sacrificed safety for beauty, the neglected ladies room, was beautifully decorated but when carelessly neglected, has caused said premises to become dangerous.

4.    That on said date and time, Plaintiff, ANGELA BROWN, while exiting the Ladies room at the aforesaid was caused to slip and fall causing the injuries fully set out hereinafter.

5.    That notwithstanding the duties of the aforesaid, MACY'S was guilty of more, of the following careless and negligent acts:

a)    Allowed said exit of the adjacent Ladies room to be in a negligent manner as to allow exit premises to become unsafe to the reasonable customer;

b)    Has sacrificed safety for beauty, when not maintained to ensure customer safety;

c)    Failed to exercise ordinary and reasonable care of said dangerous condition;

d)    Failed to conduct reasonable and periodic inspections to determine the conditions of said exit premises contrary to the Laws as mad and provided; and

e)    Failed to warn customers and especially the Plaintiff of the dangerous condition.

6.    That as a direct and proximate result of more than one of the foregoing careless and negligent acts on the part of the Defendant, MACY'S, the Plaintiff was caused to sustain injuries externally and emotionally;  that said injuries are permanent in nature, the injuries required medical treatment and dental treatment; the Plaintiff was caused to endure losing her teeth and suffering will continue until her teeth are replaced; the Plaintiff has been kept from her usual and customary affairs all to her financial detriment.

**WHEREFORE,** Plaintiff, ANGELA BROWN, prays that this Court enter a judgment in her favor and against the Defendant, MACY'S RETAIL HOLDINGS, Inc., in an amount in excess of $50,000.00 plus costs of this action.

## COUNT II
### ( Loss of Consortium – Jaron Edwards & Jason Edwards )

**NOW COMES** Plaintiffs, JARON and JASON EDWARDS, complaining against Defendant, MACY'S RETAIL HOLDING Inc., alleges as follows;

**1-5.**    The Plaintiff reasserts and realleges the allegations contained in Paragraphs 1 through 5 of Count I as and for Paragraphs 1 through 5 Count II as if fully restated herein.

6.    That at all times relevant herein, JARON and JASON EDWARDS are the lawful children of their only custodial parent and Mother ANGELA BROWN.

7.    As a proximate result of each of the foregoing acts of negligence, JARON and JASON EDWARDS did suffered a loss of support from their only custodial parent and Mother ANGELA BROWN.

**WHEREFORE**, JARON and JASON EDWARDS, seeks judgment against the Defendant, MACY'S RETAIL HOLDING, Inc., in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as fair and just compensation.

DATE: 6-18-08                    BY: _Angela Brown_
                                        ANGELA BROWN
                                            "Pro Se"