## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3488 | **DATE** | 7/9/2008 |
| **CASE TITLE** | Brown vs. Macy's Retail Holdings, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Plaintiff's application for leave to proceed in forma pauperis [4] is granted and Plaintiff's motion for appointment of counsel [5] is denied without prejudice at this time.

■ [ For further details see text below.]      Docketing to mail notices.

### STATEMENT

On June 18, 2008, Plaintiff filed a pro se complaint [1], along with an application for leave to proceed in forma pauperis and financial affidavit [4] and a motion for appointment of counsel [5]. Because Plaintiff paid the filing fee [6] and summons has issued to Defendant [7], the Court construes Plaintiff's application for leave to proceed in forma pauperis not as having been filed in support of a request to proceed without full prepayment of fees, but rather as having been filed in support of Plaintiff's motion for appointment of counsel. Having carefully reviewed the financial affidavit, the Court accepts Plaintiff's representations and grants her application for leave to proceed in forma pauperis [4]. However, for the reasons stated below, the Court denies Plaintiff's motion for appointment of counsel [5] without prejudice.

Indigent parties in civil rights actions who are unable to obtain an attorney may apply to the court for appointment of counsel under 28 U.S.C.§ 1915(e)(1). However, civil litigants have no constitutional or statutory right to counsel in federal court. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Merritt v. Faulkner,* 697 F. 2d 761, 763 (7th Cir. 1983). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself or herself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656 (relying on *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The Court should consider the capabilities of Plaintiff to litigate his or her own case in deciding whether or not to appoint counsel. *Pruitt v. Mote,* 503 F. 3d 647,

**STATEMENT**

654-55 (7th Cir. 2007) (en banc). It should also be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits.

After considering the pertinent factors, the Court concludes that appointment of counsel is not warranted at this time. Although Plaintiff appears to have made reasonable (though unsuccessful) efforts to retain counsel, the Court cannot determine at this early stage of the case whether Plaintiff would be capable of litigating this case herself or whether assistance of counsel would provide a substantial benefit to the Court or the parties. Therefore, Plaintiff's motion for appointment of counsel [5] is denied without prejudice. The court may reconsider the appointment of counsel issue at a later stage of the case if it appears that the standards set forth in *Pruitt* and *Gil* are satisfied.