IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08CV3488 |
| | ) | Judge Robert M. Dow |
| MACY'S RETAIL HOLDINGS, INC. | ) | Magistrate Judge Brown |
| | ) | |
| Defendant. | ) | |

### ANSWER TO COUNT I OF PLAINTIFF'S COMPLAINT AT LAW

Now comes Defendant, MACY'S EAST, INC., INCORRECLTY SUED AS MACY'S RETAIL HOLDINGS, INC., by and through its attorneys, BRYCEDOWNEY, LLC, and in answer to Plaintiff's Complaint at Law states as follows:

### COUNT I

1.   That on or about January 5, 2008 at approximately 3:00 p.m. and for a period of time prior thereto, Macy's Retail Holdings, Inc. a Ohio Corporation (hereinafter referred to as Macy's) did own, operate, control it's (sic) janitorial services for it's (sic) premises to a department store at 835 North Michigan Ave. Chicago, Illinois 60611.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 1 of Count I of Plaintiff's Complaint.

2.   That at all times relevant herein, it was a duty of the MACY'S to possess, operate, manage, maintain and control, both direction and indirectly, individually and through its agents, servants and employees, said premises.

**ANSWER:** Defendant states that duties arise by operation of law, rather than allegation of the pleader and that Plaintiff has improperly pled a conclusion of law. Defendant denies the allegations in Paragraph 2 of Count I of Plaintiff's Complaint and each of them.

3. That at the time and place prior thereto, the Defendant, MACY'S obligation to maintain its premises including keeping its floors dry and free of debris, in a manner that reasonably ensures the safety of its customers, MACY'S well knowing sacrificed safety for beauty, the neglected ladies room, was beautifully decorated but when carelessly neglected, has caused said premises to become dangerous.

**ANSWER:** Defendant states that duties arise by operation of law, rather than allegation of the pleader and that Plaintiff improperly pled a conclusion of law. Defendant denies the allegations of Paragraph 3 of Count I of Plaintiff's Complaint and each of them.

4. That on said date and time, Plaintiff, ANGELA BROWN, while exiting the Ladies room at the aforesaid was caused to slip and fall causing the injuries fully set out hereinafter.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of Count I of Plaintiff's Complaint.

5. That notwithstanding the duties of the aforesaid, MACY'S was guilty of more, of the following careless and negligent acts:

    a) Allowed said exit of the adjacent Ladies room to be in a negligent manner as to allow exit premises to become unsafe to the reasonable customer;

    b) Has sacrificed safety for beauty, when not maintained to ensure customer safety;

      c)      Failed to exercise ordinary and reasonable care of said dangerous condition;

      d)      Failed to conduct reasonable and periodic inspections to determine the conditions of said exit premises contrary to the Laws as mad and provided; and

      e)      Failed to warn customers and especially the Plaintiff of the dangerous condition.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 5 of Count I of Plaintiff's Complaint, including subparagraphs a) through e) and each of them.

6.   That as a direct and proximate result of more than one of the foregoing careless and negligent acts on the part of the Defendant, MACY'S, the Plaintiff was caused to sustain injuries externally and emotionally; that said injuries are permanent in nature, the injuries required medical treatment and dental treatment; the Plaintiff was caused to endure losing her teeth and suffering will continue until her teeth are replaced; the Plaintiff has been kept from her usual and customary affairs all to her financial detriment.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 6 of Count I of Plaintiff's Complaint; Defendant further denies that Plaintiff was injured in the manner and the nature and extent alleged for as a result of any wrongdoing of the Defendant.

WHEREFORE, Defendant, MACY'S EAST, INC., INCORRECLTY SUED AS MACY'S RETAIL HOLDINGS, INC., denies that Plaintiff is entitled to judgment in any sum and prays that the within suit be dismissed at Plaintiff's costs.

## COUNT II

For Defendant's response to Paragraphs 1-7 in Count II of Plaintiff's Complaint, Defendant incorporates its **Motion to Dismiss Count II of Plaintiff's Complaint** pursuant to

Federal Rule of Civil Procedure 12(b)(6), which will be contemporaneously filed with Defendant's Answers to Plaintiff's Complaint (under a separate entry by electronic means via the Court's case filing system).

**AFFIRMATIVE DEFENSES**

For its affirmative defenses to Plaintiff's Complaint at Law, Defendant MACY'S EAST, INC., states as follows:

1. At the time and place alleged in Plaintiff's Complaint at Law, it was the duty of Plaintiff, ANGELA BROWN, to exercise care for her own safety.

2. Plaintiff carelessly and negligently failed to keep a proper lookout for her own safety.

3. Plaintiff failed to observe what was readily observable and obvious.

4. Plaintiff failed to exercise adequate precaution in her movement and activities.

5. Plaintiff was otherwise careless and negligent.

6. As a direct and proximate result of the aforementioned negligent acts and/or omission, Plaintiff caused or contributed to cause her own injuries, and by reason thereof, the compensatory damages alleged by Plaintiff must be reduced by a proportion that Plaintiff's contributory fault bears to the total fault involved in the incident.

7. Plaintiff's own negligence was the proximate cause of her injuries.

8. Plaintiff's failure to mitigate damages was a proximate cause of her injuries.

9. The contributory fault of Plaintiff was greater than 50% of the total fault involved in the incident.

WHEREFORE, Defendant, MACY'S EAST, INC., INCORRECLTY SUED AS MACY'S RETAIL HOLDINGS, INC., denies that Plaintiff is entitled to judgment in any sum

4

and prays that Plaintiff take nothing by way of her Complaint, with costs of this action, including attorneys' fees to be paid by Plaintiff and for all other just and proper relief.

                                                MACY'S EAST, INC., INCORRECLTY SUED AS MACY'S RETAIL HOLDINGS, INC.

                                                BY: **/s/** Carolyn E. Kang_____
                                                      One of Its Attorneys

Richard W. Lenkov, Esq.
Carolyn E. Kang, Esq.
BryceDowney, LLC
200 North LaSalle Street
Suite 2700
Chicago, IL 60601
(312) 377-1501
(312) 377-1502 Fax
Firm I.D. 41189
rlenkov@brycedowney.com
ckang@brycedowney.com

5

## CERTIFICATE OF SERVICE

       I hereby certify that on July 15, 2008, I electronically filed the foregoing ANSWER AND AFFIRMATIVE DEFENSES with the clerk of the court using the CM/ECF System and by depositing the same for overnight delivery Federal Express, at 200 North LaSalle Street, Chicago, IL 60601 by 5:00 p.m., to the following Pro Se individual: Angela Brown, 821 Union Drive, University Park, IL 60466.

                                            MACY'S EAST, INC., INCORRECLTY SUED AS MACY'S RETAIL HOLDINGS, INC.

                                            BY: **/s/** Carolyn E. Kang
                                                     One of Its Attorneys

Richard W. Lenkov, Esq.
Carolyn E. Kang, Esq.
BryceDowney, LLC
200 North LaSalle Street
Suite 2700
Chicago, IL 60601
(312) 377-1501
(312) 377-1502 Fax
Firm I.D. 41189
rlenkov@brycedowney.com
ckang@brycedowney.com