IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08CV3488 |
| | ) | Judge Robert M. Dow |
| MACY'S RETAIL HOLDINGS, INC. | ) | Magistrate Judge Brown |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS COUNT II OF**
**PLAINTIFF'S COMPLAINT AT LAW**

Now comes Defendant, MACY'S EAST, INC., INCORRECLTY SUED AS MACY'S RETAIL HOLDINGS, INC., by and through its attorneys, BRYCEDOWNEY, LLC and hereby moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Count II of Plaintiff's Complaint at law and in support thereof, states as follows:

1. This case arises out of a slip and fall incident that alleged occurred on January 8, 2008, at a Macy's retail store located at 835 North Michigan Avenue, Chicago, Illinois.

2. Plaintiff, proceeding Pro Se, filed a two-count complaint against the Defendant, alleging negligence in Count I and loss of parental consortium on behalf of her two children in Count II.  *See Exhibit A*, attached to this motion.

3. For Count II of Plaintiff's Complaint, Plaintiff had specifically alleged that as a proximate result of Defendant's negligence, her two children, Jaron and Jason Edwards, suffered a loss of support from Plaintiff.  *See Exhibit A.*

4. Illinois has repeatedly refused to recognize a cause of action for loss of parental consortium resulting from non-fatal injuries. *Karagiannakos v. Gruber,* 653 N.E.2d 932, 934, 272 Ill.App.3d 155, 157 (1st Dist. 1995).  The Illinois Appellate Court in *Kara Giannakos* held

that minors of Illinois have no cause of action for loss of parental consortium when parents survive, no matter how serious the parent is injured. *Id.*

5. As such, Count II of Plaintiff's Complaint at Law should be dismissed with prejudice for failure to state a claim for relief pursuant to Federal Rules of Civil Procedure 12(b)(6).

6. For the foregoing reasons, Defendant's Motion to Dismiss Count II of Plaintiff's Complaint should be granted.

WHEREFORE, Defendant, MACY'S EAST, INC., INCORRECLTY SUED AS MACY'S RETAIL HOLDINGS, INC., requests that the Court enter an order dismissing Plaintiff's Complaint with prejudice for failure to state a claim pursuant to FRCP 12(b)(6).

> MACY'S EAST, INC., INCORRECLTY SUED AS MACY'S RETAIL HOLDINGS, INC.
>
> BY: **/s/** Carolyn E. Kang_____
>     One of Its Attorneys

Richard W. Lenkov, Esq.
Carolyn E. Kang, Esq.
BryceDowney, LLC
200 North LaSalle Street
Suite 2700
Chicago, IL 60601
(312) 377-1501
(312) 377-1502 Fax
Firm I.D. 41189
rlenkov@brycedowney.com
ckang@brycedowney.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 15, 2008, I electronically filed the foregoing ANSWER AND AFFIRMATIVE DEFENSES with the clerk of the court using the CM/ECF System and by depositing the same for overnight delivery Federal Express, at 200 North LaSalle Street, Chicago, IL 60601 by 5:00 p.m., to the following Pro Se individual: Angela Brown, 821 Union Drive, University Park, IL 60466.

             MACY'S EAST, INC., INCORRECLTY
             SUED AS MACY'S RETAIL HOLDINGS,
             INC.


             BY: **/s/** Carolyn E. Kang
               One of Its Attorneys


Richard W. Lenkov, Esq.
Carolyn E. Kang, Esq.
BryceDowney, LLC
200 North LaSalle Street
Suite 2700
Chicago, IL 60601
(312) 377-1501
(312) 377-1502 Fax
Firm I.D. 41189
rlenkov@brycedowney.com
ckang@brycedowney.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 18 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| ANGELA BROWN<br>Plaintiff, | )<br>)<br>)<br>) |
| .vs | ) 08CV3488<br>) JUDGE DOW<br>) MAGISTRATE JUDGE BROWN |
| MACY'S RETAIL<br>HOLDINGS, Inc.<br>Defendant, | )<br>)<br>) |

## COMPLAINT AT LAW

### COUNT 1

NOW COMES the Plaintiff, Angela Brown is and at all times mentioned herein a female residing in the County of Will, State of Illinois, complaining of the Defendant, Macy's Retails Holdings, Inc. a Ohio Corporation, alleges as follows;

1. That on or about January 5, 2008 at approximately 3:00 p.m. and for a period of time prior thereto, Macy's Retail Holdings, Inc. a Ohio Corporation (hereinafter referred to as Macy's) did own, operate, control it's janitorial services for it's premises to a department store at 835 North Michigan Ave. Chicago, Illinois 60611.

2. That at all times relevant herein, it was a duty of the MACY'S to possess, operate, manage, maintain and control, both directly and indirectly, individually and through its agents, servants and employees, said premises.

3. That at the time and place prior thereto, the Defendant, MACY'S obligation to maintain its premises including keeping its floors dry and free of debris, in a manner that reasonably ensures the safety of its customers, MACY'S well knowing sacrificed safety for beauty, the neglected ladies room, was beautifully decorated but when carelessly neglected, has caused said premises to become dangerous.


EXHIBIT A

4.  That on said date and time, Plaintiff, ANGELA BROWN, while exiting the Ladies room at the aforesaid was caused to slip and fall causing the injuries fully set out hereinafter.

5.  That notwithstanding the duties of the aforesaid, MACY'S was guilty of more, of the following careless and negligent acts:

   a) Allowed said exit of the adjacent Ladies room to be in a negligent manner as to allow exit premises to become unsafe to the reasonable customer;

   b) Has sacrificed safety for beauty, when not maintained to ensure customer safety;

   c) Failed to exercise ordinary and reasonable care of said dangerous condition;

   d) Failed to conduct reasonable and periodic inspections to determine the conditions of said exit premises contrary to the Laws as mad and provided; and

   e) Failed to warn customers and especially the Plaintiff of the dangerous condition.

6.  That as a direct and proximate result of more than one of the foregoing careless and negligent acts on the part of the Defendant, MACY'S, the Plaintiff was caused to sustain injuries externally and emotionally; that said injuries are permanent in nature, the injuries required medical treatment and dental treatment; the Plaintiff was caused to endure losing her teeth and suffering will continue until her teeth are replaced; the Plaintiff has been kept from her usual and customary affairs all to her financial detriment.

**WHEREFORE**, Plaintiff, ANGELA BROWN, prays that this Court enter a judgment in her favor and against the Defendant, MACY'S RETAIL HOLDINGS, Inc., in an amount in excess of $50,000.00 plus costs of this action.

## COUNT II
### ( Loss of Consortium – Jaron Edwards & Jason Edwards )

**NOW COMES** Plaintiffs, JARON and JASON EDWARDS, complaining against Defendant, MACY'S RETAIL HOLDING Inc., alleges as follows;

1-5. The Plaintiff reasserts and realleges the allegations contained in Paragraphs 1 through 5 of Count I as and for Paragraphs 1 through 5 Count II as if fully restated herein.

6. That at all times relevant herein, JARON and JASON EDWARDS are the lawful children of their only custodial parent and Mother ANGELA BROWN.

7. As a proximate result of each of the foregoing acts of negligence, JARON and JASON EDWARDS did suffered a loss of support from their only custodial parent and Mother ANGELA BROWN.

**WHEREFORE,** JARON and JASON EDWARDS, seeks judgment against the Defendant, MACY'S RETAIL HOLDING, Inc., in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as fair and just compensation.

DATE: 6-18-08          BY: _Angela Brown_
                           ANGELA BROWN
                             *"Pro Se"*